## PROSECUTION FOR SUFFERING A GAME OF CHANCE ON THE PREMISES.

Circuit Court of Hamilton County.

HARRY ENDERES v. STATE OF OHIO.

Decided, November 14, 1908.

*Criminal Law—Failure to Lay the True Venue—In Prosecution for Suffering Game of Chance on the Premises—Section 6933.*

A conviction for suffering a game of chance on the premises must be reversed, where the affidavit merely charges that the offense was committed within four miles of the city of Cincinnati and county of Hamilton, but there is no averment and no proof that the offense occurred "within" the county of Hamilton and state of Ohio.

*M. C. Lykins,* for plaintiff in error.
*John M. Thomas,* for the state.

The plaintiff in error was tried in the police court·of the city of Cincinnati, Hamilton county, Ohio, on the charge of suffering a game.of chance on the premises. The alleged offense was committed on the Island Queen, an Ohio river steamer, lying at "Coney Island," a pleasure resort on the Ohio side of the river, near Cincinnati. The affidavit was as follows:

"H. T. Harrison, being first duly cautioned and sworn, deposes and saith that one Harry Enderes, on or about the 29th day of August, 1906, within four miles of the corporate limits of the city and county aforesaid, did unlawfully suffer a certain game of chance, the name of which is to the affiant unknown, to be played for gain, to-wit, for money, to-wit, for the sum of five cents, by means of a certain gaming device and machine, to-wit, a 'nickel slot machine,' by one Louis Wien, in a certain erection, to-wit, an apartment upon the main deck of·the steamer Island Queen, the said apartment being then and there in the care of him, the said Harry Enderes."

Enderes was found guilty in the police court, and the court of common pleas affirmed the judgment. Error was thereupon prosecuted to the circuit court, where the judgment was reversed in the subjoined memorandum opinion;

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

It is not charged in the affidavit that the offense was committed at the city of Cincinnati and county of Hamilton, but "within four miles of the corporate limits of the city and county aforesaid." Under this averment it may have been in the state of Kentucky. It is admitted in the record that Coney Island is within four miles of the city of Cincinnati, but there is no proof that it is within the county of Hamilton and state of Ohio.

Judgment reversed.